IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED ENERGY SOLUTIONS, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>SEA-PACIFIC, INC.; and VICTOR MA,<br><br>　　　　　　Defendants.<br>_____ | 2:13-cv-00516-GEB-DAD<br><br>ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND CONTINUING STATUS CONFERENCE |

　　　　In connection with Status (Pretrial Scheduling) Conference scheduled for hearing on May 13, 2013, the Court examined Plaintiff's Complaint. Plaintiff alleges in the Complaint:

> Plaintiff is a limited liability corporation incorporated with its principal place of business in Nevada City, California. Defendant SEA-PACIFIC INC. ("SEA-PAC") is a corporation incorporated under the laws of the State of Washington with its principal place of business in the State of Washington. Defendant VICTOR MA ("MA") is an individual residing in the State of Washington. The amount in controversy exceeds $75,000 exclusive of interest and costs. This Court, therefore, has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

(Compl. ¶2.) Plaintiff has not alleged sufficient facts to establish diversity of citizenship jurisdiction.

　　　　A "plaintiff has the burden of pleading the existence of the court's jurisdiction and, in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." Chem. Leaman Tank Lines, Inc. v. Aetna Cas.

1

and Sur. Co., 177 F.3d 210, 222 n.13 (3d Cir. 1999)(citation omitted).

> In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity. For example, an unincorporated association such as a partnership has the citizenship of all of its members. By contrast, a corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated.

Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (citation omitted). "For purposes of diversity jurisdiction, . . . a limited liability corporation is a citizen of all of the states of which its owners/members are citizens." Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 64 (9th Cir. 2011). "[T]he citizenship of all members of limited liability corporations . . . ha[s] to be alleged." Id.

The court raises the issue of subject matter jurisdiction *sua sponte*, since "courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, Plaintiff alleges it is "a limited liability corporation incorporated with its principal place of business in Nevada City, California[,]" but does not allege the citizenship of their members. Therefore, Plaintiff has failed to sufficiently allege its citizenship. Accordingly, the Complaint is dismissed for lack of subject matter jurisdiction.

Plaintiff is granted fourteen (14) days from the date on which this Order is filed to file an amended pleading addressing the

deficiencies set forth in this Order. If Plaintiff fails to file an amended complaint within the prescribed time period, the Clerk of Court will be directed to close this action.

Further, the Status (Pretrial Scheduling) Conference is continued to July 8, 2013, at 9:00 a.m. A joint status report shall be filed no later than fourteen (14) days prior to the Status Conference.

Dated: May 2, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge